## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0779 | **DATE** | March 31, 2008 |
| **CASE TITLE** | Tyrone Strickland (–82016) v. Richard M. Daley | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [9-3] is granted. The initial partial filing fee is waived. The court orders the trust fund officer at plaintiff's current place of incarceration to collect monthly payments from plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. The court dismisses Richard M. Daley, David Erickson, Mark Rackozy, Paula Daleo, and Marie Czech as defendants, The court also dismisses the complaint without prejudice. Plaintiff is given 30 days to submit an amended complaint or the court shall dismiss this case with prejudice. The clerk shall send to plaintiff an amended civil rights complaint form, instructions for filing, and a copy of this order. Plaintiff's motion for the appointment of counsel [9-4] is denied without prejudice.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Tyrone Strickland, a prisoner confined at Pontiac Correctional Center, seeks to bring this suit *in forma pauperis*. Finding that he is unable to prepay the filing fee, the court grants the motion. According to the statement submitted with his *in forma pauperis* application, plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where plaintiff is confined, currently Pontiac Correctional Center, is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center.

Plaintiff filed this 42 U.S.C. § 1983 civil rights suit in the United States District Court for the Central District of Illinois, which then transferred the case to this court. Plaintiff may have filed the current suit because the Central District instructed plaintiff that he should bring his claims of mistreatment at Pontiac Correctional Center in a separate civil rights case, and not as an additional claim in his habeas case pending before the Central District. The current complaint, however, does not assert claims of mistreatment at Pontiac, but alleges that Chicago police officers used excessive force when interrogating plaintiff and that Assistant State's Attorneys in Chicago maliciously prosecuted plaintiff. The Central District transferred the case to this court, upon determining that the defendants are located in this district and that plaintiff's claims concern acts that allegedly occurred here.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of a prisoner's civil rights complaint. Under such review, plaintiff's claims of malicious prosecution against the Assistant State's Attorneys, including former state's attorney and current Chicago Mayor Richard M. Daley, fail to state a claim upon which relief may be granted by this Court and are dismissed. *See Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Cervantes v. Jones,* 188 F.3d 805, 809 (7th Cir. 1999) (prosecutors are absolutely immune for their conduct intimately associated with the judicial part the criminal process); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a plaintiff may not proceed with a § 1983 claim, if success on the claim would necessarily call into question the validity of a conviction, unless and until the conviction has been invalidated).

With respect to plaintiff's claims of excessive force, the current complaint is unclear as to which defendants were involved and when the alleged incident occurred. Although a plaintiff need not allege extensive specific facts to satisfy the notice pleading requirement, he must at least state a valid claim, provide sufficient information of when and where the action giving rise to the claim occurred, and provide sufficient information to give the defendants notice of what the claim is and the grounds upon which it rests, so that they may have the opportunity to respond. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Plaintiff's current complaint does not provide sufficient information. If plaintiff wants to proceed with this case, he must submit an amended complaint that states when and where the action giving rise to his suit occurred and specify which defendants were involved.

Plaintiff is advised that, if the excessive force that is the subject of his claims occurred more than two years before the date he filed this complaint, the claims may be considered time-barred. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (statute of limitations for a § 1983 claim in Illinois is two years); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, a court may raise the issue on its own if the issue is apparent from the complaint itself). Plaintiff is also advised that if he seeks to raise a claim of mistreatment at the Pontiac Correctional Center, such a claim should be brought in the Central District of Illinois, the district where that prison is located. Plaintiff is further advised that, if this case is dismissed as frivolous, for failure to state a claim, or because it seeks monetary relief against parties immune from such relief, he may incur a strike under 28 U.S.C. § 1915(g). If plaintiff accumulates three strikes, he may be prevented from filing another civil rights complaint or appeal without the prepayment of fees unless he demonstrates that he is imminent danger of serious bodily injury. *See* § 1915(g).

The court accordingly dismisses the current complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint in accordance with the instructions herein. In order to proceed with this case, plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. If plaintiff does not timely comply with this order, this case shall be dismissed for failure to comply, for which a strike may not be imposed; however, plaintiff will still be responsible for paying the filing fee.

*[signature]*