# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0779 | **DATE** | June 2, 2008 |
| **CASE TITLE** | Tyrone Strickland (N–82016) v. Richard M. Daley | | |

**DOCKET ENTRY TEXT:**

Plaintiff's amended complaint is dismissed. 28 U.S.C. § 1915A. The dismissal of the amended complaint counts as one of Plaintiff's three allotted strikes. 28 U.S.C. § 1915(g).

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

On March 31, 2008, this Court granted Plaintiff Tyrone Strikcland's motion to proceed *in forma pauperis* but dismissed his complaint without prejudice to Plaintiff submitting an amended complaint that stated valid claims. [DE 14]. Plaintiff has submitted an amended complaint [DE 18]; however, the amended complaint, like the original complaint, fails to state a valid claim and seeks to sue individuals immune from suit.

Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of a prisoner's civil rights complaint and dismiss the complaint, or any claim therein, if the complaint or claim is malicious or frivolous, fails to state a claim upon which relief may be granted by this Court, or seeks § 1983 relief against an individual immune from such relief. In this case, Plaintiff alleges that he was wrongfully arrested, wrongfully prosecuted, and wrongfully convicted in 1985 for murder. He states that the prosecutors, including then State's Attorney Richard Devine, sought the death penalty (which was not imposed), and that Plaintiff is still serving a 30-year sentence for that conviction. Plaintiff alleges that excessive force was used during the interrogation. Plaintiff names as defendants former prosecutors and officers associated with the investigation and prosecution in 1985. Plaintiff's claims warrant dismissal at this preliminary stage for several reasons.

To begin with, Plaintiff's claims (malicious prosecution, wrongful arrest, excessive force during interrogation) arise out of events that occurred in 1985. In Illinois, a two-year statute of limitations applies to Section 1983 claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). It is clear from the face of Plaintiff's complaint that all of his current claims are time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, a court may summarily dismiss a case if it is apparent from the complaint itself that the claims are untimely).

**(CONTINUED)**

isk

**STATEMENT (continued)**

Additionally, Plaintiff's claim of malicious prosecution must be dismissed because it both sues individuals who are immune from suit and states a claim upon which this Court cannot grant relief. Prosecutors are absolutely immune for their conduct intimately associated with the criminal process. *See Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976)*; Cervantes v. Jones,* 188 F.3d 805, 809 (7th Cir. 1999). Plaintiff's allegations that prosecutors wrongfully prosecuted him seeks to hold them liable for their role in the criminal process. Also, Plaintiff's civil rights claims that he was maliciously prosecuted and convicted, if successful, would necessarily imply the invalidity of his conviction. Plaintiff cannot proceed with such claims until his conviction has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Accordingly, Plaintiff's amended complaint is dismissed. *See* § 1915A. The dismissal of the amended complaint, as forewarned in the Court's prior order, counts as one of Plaintiff's three allotted strikes under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must file a motion in this Court that sets forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be frivolous, Plaintiff may accumulate another strike under § 1915(g). Again, if Plaintiff accumulates three strikes under § 1915(g), he will be barred from filing an action in federal district court or appellate court without the prepayment of the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.